testimony, the IJ had a legitimate basis for discrediting it.[7] Accordingly, we affirm the IJ's denial of asylum and withholding of removal.[8]

 Regarding Ahmed's claims for Convention Against Torture and voluntary departure, he did not exhaust his administrative remedies by raising the claims before the Board of Immigration Appeals. Thus, we lack jurisdiction to review them.[9]

**PETITION DENIED.**

Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

Gurminder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The IJ did not abuse her discretion in declining to toll the limitations period for filing a motion to reopen because Singh did not demonstrate he acted with due diligence in waiting over seven years to seek reopening on the ground that he got stuck in traffic on the way to his merits hearing. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1193 (9th Cir.2001) (en banc); *Iturribarria,* 321 F.3d at 899 (noting that due dili-

**Gurminder SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75301.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

CAC—District Counsel, Esq., Office of the District Counsel, Department of

---

7. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

8. *Id.*

9. *See* 8 U.S.C. § 1252(d)(1); *Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

gence is required to trigger equitable tolling).

Because Singh's motion to reopen was untimely, we do not consider his claim that exceptional circumstances beyond his control excused his failure to appear. *See* 8 U.S.C. § 1229a(b)(5)(C) (requiring a motion to reopen based on exceptional circumstances to be filed within 180 days after the removal order).

**PETITION FOR REVIEW DENIED.**

**Arthur Charles LIGGINS, Petitioner— Appellant,**

v.

**Diane K. BUTLER, Respondent— Appellee.**

No. 05–15660.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

Arthur Charles Liggins, Sierra Conservation Center, Jamestown, CA, pro se.

Clifford E. Zall, Office of the California Attorney General, Department of Justice, Sacramento CA, for Respondent–Appellee.

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM **

California state prisoner Arthur Charles Liggins appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition, through which Liggins challenged his conviction for residential burglary and assault. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Liggins has not established that his trial counsel's performance with respect to his 1995 guilty plea was constitutionally deficient or that it prejudiced him during his 1996 trial and conviction. *See Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Liggins's contention that the prosecution acted vindictively by adding new enhancements to the information filed against him after he withdrew his guilty plea is unsupported by the record. *See United States v. Goodwin,* 457 U.S. 368, 384, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (rejecting "presumption of vindictiveness" where prosecution files more severe charges after defendant rejects plea).

Liggins's contention that he was entitled to an instruction on self-defense is also without merit. Generally, a federal habeas petition may not rest on an alleged violation or misapplication of state law. *See Estelle v. McGuire,* 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Moreover, while "[a] defendant may assert defenses that are inconsistent with his own

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.